[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Howard Platt, now deceased and David Platt, his son were partners in plaintiff Ville Associates and some-time partners with a Thomas Fava. Fava owned property in Thomaston, Connecticut across the road from a diner operated by defendants, Sandra Ekvall and John J. Sileo.
Ville Associates with Thomas Fava first thought of developing the property in question in 1987 or 1988 by putting in elderly housing or condominiums. Later, plaintiff considered putting in only elderly housing. Plaintiff had plans for elderly housing drawn by James Terrence Myers, an engineer and land surveyor in 1992. Later plaintiffs decided that this plan was not possible so they abandoned it.
In 1993, plaintiff learned from people in the town hall that defendants were interested in building a restaurant/banquet facility in Thomaston. The late Howard Platt, a partner in Ville Associates approached defendants about their plans. Ville Associates offered to build the facility for defendants on Fava's property. Also proposed on the property was a strip mall and/or elderly housing in which defendants would have no interest. After the restaurant was built, David Platt testified that he had no idea who would run or lease the restaurant and that that discussion had taken place between his father and defendants. CT Page 1130 Defendant Ekvall testified that she had discussed with Howard Platt the possibility of a lease with an option to purchase but no purchase price was ever mentioned.
In the middle to late 1993, Howard Platt met with engineer and surveyor James Terrence Myers and engaged him to prepare plans for the property in question. Defendant Ekvall was not at that meeting but was at a subsequent meeting with Myers and Platt to discuss the size of the banquet facility and parking. Platt never gave a price for the restaurant building to defendants nor were the terms of a lease discussed. Defendant Sileo attended one meeting at Platt's office.
Plaintiff claims that defendants agreed to pay 2/3 of the development costs and that Ville would pay 1/3. Defendants deny that they ever agreed to pay development costs. Myers prepared a site plan layout dated February 14, 1994 which plan states that it was prepared for Howard Platt and showing a retail building (strip mall) and a proposed restaurant/banquet hall.
Plaintiff Howard Platt gave defendant Ekvall the fees to apply for zoning board approval. Defendant Ekvall testified that she believed that Platt owned the property. Later Fava told her that he owned the property and that she was dealing with the wrong person. In any event, the project was denied approval by the Wetlands Commission and the project was abandoned.
Myers billed Platt for his work and that bill totaled $3,985.00 and was paid by Platt. Platt also paid $600 to Soil Resource Corp.; $100 to R R Construction Co. and $90 to Robert Aliz Corporation and $1,060 to JHD. Platt then billed defendants $4,413.32 which defendants refused to pay.
The court finds that plaintiff failed to prove by a preponderance of credible evidence that defendants Ekvall and Sileo agreed with plaintiff to share in the costs of developing Fava's property. Further, the court finds that plaintiffs did not sustain their burden of proving any unjust enrichment of defendants.
Judgment therefore enters for defendants.
Kulawiz, J. CT Page 1131